**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

EDGAR ELISEO CALLE URGILES,
*individually and on behalf of others similarly
situated,*

                            *Plaintiff,*

-against-

NEVADA DINER INC., and DIMITRIOS
KALOIDIS,

                            *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT**


**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b) AND RULE 23
CLASS ACTION**

**ECF Case**

Plaintiff Edgar Eliseo Calle Urgiles, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through his attorney, Gennadiy Naydenskiy, Esq., upon his knowledge and belief, and as against Nevada Diner Inc., ("Defendant Corporations"), Dimitrios Kaloidis, ("Individual Defendant"), allege as follows:

### NATURE OF ACTION

1. Plaintiff and class members are former employees of Defendants Nevada Diner Inc., and Dimitrios Kaloidis.

2. Defendants own, operate or control a diner, located at 80-26 Queens Blvd, Queens, NY 11373.

3. Upon information and belief, individual Defendant Dimitrios Kaloidis, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.  Plaintiff was employed as a busboy at the diner located at 80-26 Queens Blvd, Queens, NY 11373.

5.  At all times relevant to this Complaint, Plaintiff and class members worked for Defendants without appropriate minimum wage compensation for the hours that they worked.

6.  Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff and class members actual duties in payroll records by designating them as non-tipped employees.

7.  Defendants did not provide Plaintiff and class members with compliant tip credit notices as required per the FLSA and New York Labor Law.

8.  Defendants' conduct extended beyond Plaintiff and class members to all other similarly situated employees.

9.  At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and class members and other employees to work without providing the minimum wage required by federal and state law and regulations.

10.  Plaintiff and class members now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL, including applicable liquidated damages, interest, attorneys' fees and costs.

11.  Plaintiff and class members seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a diner located in this district. Further, Plaintiffs were employed by Defendants in this district.

## **PARTIES**

### *Plaintiff*

14. Plaintiff Edgar Eliseo Calle Urgile ("Calle" or "Mr. Calle") is an adult individual residing in Kings County, New York.

15. Plaintiff Calle was employed by Defendants at Nevada Diner Inc. from approximately November 2019 until on or about May 2022.

### *Defendants*

16. At all relevant times, Defendant owned, operated, or controlled a diner, located at 80-26 Queens Blvd, Queens, NY 11373.

17. Upon information and belief, Nevada Diner Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 80-26 Queens Blvd, Queens, NY 11373.

18. Defendant Dimitrios Kaloidis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Dimitrios Kaloidis is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Dimitrios Kaloidis possesses operational control over Defendant Corporation,

an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

19. Defendants operate a diner located in the Elmhurst neighborhood in Queens.

20. Individual Defendant, Dimitrios Kaloidis, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

21. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

22. Each Defendant possessed substantial control over Plaintiff and class members (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff and class members, and all similarly situated individuals, referred to herein.

23. Defendants jointly employed Plaintiff and class members (and all similarly situated employees) and are Plaintiff and class members (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

24. In the alternative, Defendants constitute a single employer of Plaintiff and class members and/or similarly situated individuals.

25. At all relevant times, Defendants were Plaintiff and class members employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire

Plaintiff and class members, had the power to control the terms and conditions of employment, and had the power to determine the rate and method of any compensation in exchange for Plaintiff and class members services.

26. In each year from 2019 until 2022, Defendant had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

### Individual Plaintiff

27. Plaintiff and class members are former employees of Defendants who were employed as busboys. Plaintiff and class members seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Edgar Eliseo Calle Urgiles

28. Plaintiff Calle was employed by Defendants from approximately November 2019 through on or about May 7, 2022.

29. Defendants employed Plaintiff as a busboy.

30. Plaintiff and class members regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

31. Plaintiff Calle's work duties required neither discretion nor independent judgment.

32. From approximately November 2019 through on or about May 7, 2022, Plaintiff Calle was scheduled to work, and worked Mondays through Saturdays (Thursdays and Sundays off), five (5) days a week Mondays and Tuesdays from 3:40 PM until 10:00 PM, Wednesdays 7:40 AM until 4:00 PM, Fridays and Saturdays 8:40 AM until 4:00 PM (35.65 hours per week).

33. Throughout his employment, Defendants paid Plaintiff Calle his wages by check.

34. From approximately November 2019 through on or about May 7, 2022, Defendants paid Plaintiff Calle $10.00 per hour.

35. Plaintiff Calle was never notified by Defendants that his tips were being included as an offset for wages.

36. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Calle regarding overtime and wages under the FLSA and NYLL.

37. Defendants did not provide Plaintiff Calle an accurate statement of wages, as required by NYLL 195(3).

38. Defendants did not give any notice to Plaintiff Calle, in English and in Spanish (Plaintiff Calle's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

39. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and class members (and all similarly situated employees) to work without paying them appropriate minimum wage compensation as required by federal and state laws.

40. Plaintiff and class members were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

41. Defendants' pay practices resulted in Plaintiff and class members effective rate of pay falling below the required minimum wage rate.

42. Plaintiff and class members and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

43. Plaintiff and class members duties were not incidental to their occupation as tipped

workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

44. However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

45. New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

46. In violation of federal and state law as codified above, Defendants classified Plaintiffs and other tipped workers as tipped employees, and paid them at a rate that was below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

47. Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

48. Defendants failed to inform Plaintiffs who received tips, that their tips were being credited towards the payment of the minimum wage.

49. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

50. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant

damages to Plaintiffs and other similarly situated former workers.

51. Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

52. Defendants failed to provide Plaintiffs and other employees, at the time of hiring, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

53. Plaintiff and class members bring their FLSA minimum wage compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that

is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA and Rule 23 Class Period").

54. At all relevant times, Plaintiff and class members and other members of the FLSA and Rule 23 class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

55. The claims of Plaintiff and class members stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

56. Plaintiff and class members sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

57. Plaintiff and class members bring their New York Labor Law minimum wage and liquidated damages claims on behalf of all persons who were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

58. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are

approximately over forty members of the Class during the Class Period.

59. There are questions of law and fact common to the Class including:

    a.   What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

    b.   What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

    c.   What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

    d.   Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage within the meaning of the New York Labor Law;

    e.   At what common rate, or rates subject to common methods of calculation, were Defendants required to pay the class members for their work; and

    f.   What were the common conditions of employment and in the workplace, such as recordkeeping, clock- in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

69.  The claims of the representative parties are typical of the claims of the class. Plaintiff and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

70. The representative parties will fairly and adequately protect the interests of the Class and had no interests antagonistic to the class. The Named Plaintiff is represented by an attorney who is experienced and competent in both class action litigation and employment litigation.

71. The common questions of law and fact predominate over questions affecting only individual members.

72. A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

73. Defendants acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

74. Plaintiff and class members repeat and reallege all paragraphs above as though fully set forth herein.

75. At all times relevant to this action, Defendants were Plaintiff and class members employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff and class members (and the FLSA and Rule 23 class members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

76. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

77. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act,

29 U.S.C. § 203 (r-s).

78. Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

79. Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

80. Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

81. Plaintiff and class members repeat and reallege all paragraphs above as though fully set forth herein.

82. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff and class members, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

83. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff and class members less than the minimum wage.

84. Defendants' failure to pay Plaintiff and class members the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

85. Plaintiff and class members were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE
### REQUIREMENTS OF THE NEW YORK LABOR LAW

86. Plaintiff and class members repeat and reallege all paragraphs above as though fully set

forth herein.

87. Defendants failed to provide Plaintiff and class members with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

88. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

89. Plaintiff and class members repeat and reallege all paragraphs above as though fully set forth herein.

90. With each payment of wages, Defendants failed to provide Plaintiff and class members with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

91. Defendants are liable to each Plaintiff and class members in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA and Rule 23 class members;

(e)      Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid minimum wage, for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum

wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs (and the FLSA and Rule 23 class members);

(h)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(i)     Awarding Plaintiffs damages and the FLSA and Rule 23 class members for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages, under the NYLL as applicable

(j)     Awarding Plaintiffs and the FLSA and Rule 23 class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k)     Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(l)     Awarding Plaintiffs and the FLSA and Rule 23 class members pre-judgment and post-judgment interest as applicable;

(m)      Awarding Plaintiffs and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorneys' fees;

(n)     Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

      (o)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

    Plaintiffs demand a trial by jury on all issues triable by a jury.

September 7, 2022

By:    /s/ Gennadiy Naydenskiy
          Gennadiy Naydenskiy (GN5601)
          Naydenskiy Law Firm, LLC
          426 Main St, #201
          Spotswood, NJ, 08884
          718-808-2224
          Attorney for Plaintiffs

# EXHIBIT A

Soy empleado actual o anterior de NEVADA DINER INC., y/o entidades/individuos relacionados. Por la presente, Yo acepto y acuerdo ser parte Demandante en la presente Acción para obtener resarcimiento por las violaciones de la Ley de Normas Razonables de Trabajo, de conformidad con el Código de los Estados Unidos ("U.S.C.", por sus siglas en inglés), Título 29, 216(b).

Por la presente designo a Naydenskiy Law Firm, LLC para que me representen en esta Acción y, además, acepto y acuerdo entablar esta demanda en nombre de todos aquellos en una situación similar, si fuera necesario.

Fecha _26/05/22_

_Edgar Calle_
Firma

_EDGAR ELISEO CALLE VARGILES_

Nombre completo (nombre en letra imprenta)